[No. 6464-6-III. Division Three. November 14, 1985.]

SCOTTISH & YORK INTERNATIONAL INSURANCE GROUP, Appellant, v. ENSIGN INSURANCE COMPANY, Respondent.

---

*Andrew C. Bohrnsen, George Fearing,* and *Leavy, Schultz & Sweeney,* for appellant.

*Richard R. Johnson* and *Prediletto, Halpin, Cannon, Johnson & Scharnikow,* for respondent.

GREEN, C.J.—Scottish & York International Insurance Group appeals a summary judgment in favor of Ensign Insurance Company. The dispositive issue is whether Ensign Insurance had a duty to defend Benton County. We hold it did not and affirm.

On July 25, 1981, Scott P. Lancaster was seriously injured as a result of a dive into the Columbia River. The incident occurred in Columbia Park. At that time Tri–Cities Water Follies Association, Inc., had a short–term lease of Columbia Park from Benton County for the annual water follies celebration which included hydroplane races. Benton County was insured by Scottish & York while Tri–Cities Water Follies was insured by Ensign. On the Ensign policy, Benton County was an additional insured by way of a special endorsement which limited its application "to operations performed by or on behalf of the named insured for which the state or political subdivision has issued a permit."

In March 1983 Mr. Lancaster filed a complaint seeking damages for personal injury against Benton County and Tri–Cities Water Follies. Benton County tendered defense of the action to Tri–Cities Water Follies and its insurer Ensign. Ensign refused to defend, extend coverage or indemnify. Scottish & York (without naming Benton County as a plaintiff) then filed a declaratory judgment action to declare that Ensign is the primary insurer and as such is under a duty to defend the action and indemnify for any judgment against Benton County. The trial court granted Ensign's motion for summary judgment. Scottish & York appeals.

Scottish & York contends the court erred in concluding Ensign did not have a duty to defend Benton County. It

asserts an additional insured is entitled to the same rights as an insured.

■ Generally, an insurance company's duty to defend arises when a complaint against its insured alleges facts which if proved would render the insurer liable under the policy. This determination is made from the allegations in the complaint. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 486, 687 P.2d 1139 (1984); *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group*, 37 Wn. App. 621, 623, 681 P.2d 875 (1984); *Medina v. Transamerica Ins. Co.*, 37 Wn. App. 360, 362, 680 P.2d 69 (1984). Alleged claims which are clearly not covered under the policy relieve the insurer of its duty to defend. *State Farm Gen. Ins. Co. v. Emerson, supra* at 486.

Here, Scott Lancaster's complaint against Benton County and Tri-Cities Water Follies alleges:

III.

Tri-City Water Follies Association, Inc. is a corporation organized under the laws of the State of Washington and on July 25, 1981 was in possession and control of the aforementioned property by virture [sic] of a Sublease dated April 27, 1981 from Benton County and did operate the same as a recreational area.

IV.

On July 25, 1981 after paying a fee, plaintiff entered into Columbia Park and due proximately to the defendants' combined negligence sustained a C5,6 compression fracture resulting in C5 quadriplegia, following a dive into the Columbia River at a place allowed for swimming.

V.

The negligence of the defendants includes:

1. Failure to maintain the property in a reasonably safe condition for swimming;

2. Failure to post or otherwise warn regarding the hazards of swimming at this location.

VI.

Plaintiff was not aware of any hazards or dangers associated with swimming at this location.

These allegations do not invoke a duty on the part of Ensign to defend Benton County under its policy for several reasons.

First, Benton County is not a "person insured" as defined in the body of Ensign's policy:

II. PERSONS INSURED

Each of the following is an Insured under this insurance to the extent set forth below:

(a) if the Named Insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the Named Insured with respect to the conduct of such a business;

(b) if the Named Insured is designated in the declarations as a partnership or a joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the Named Insured) or organization while acting as real estate manager for the Named Insured; . . .

Second, the duty to defend is not invoked by the endorsement naming "COUNTY OF BENTON, WA." as an additional insured:

It is agreed that the "Persons Insured" provision includes as an insured any state or political subdivision thereof designated in the schedule above subject to the following additional provisions:

1. The insurance applies only with respect to operations performed by or on behalf of the named insured for which the state or political subdivision has issued a permit.

There are no facts alleged in Mr. Lancaster's complaint indicating the injuries arose because of negligence "with respect to operations performed by or on behalf of" the Water Follies. The allegations of negligence are based on the failure to maintain the river or shore in a reasonably safe condition for swimming or to post or otherwise warn of

hazards. These allegations are unrelated to the operations, activities, and programs of *Water Follies*. Swimming in the river was not an activity or operation of the Water Follies. Further, the lease made no reference to allowing or sanctioning swimming in the Columbia River.

Whether a defendant owes a duty to the complaining party is generally a question of law. *Pedroza v. Bryant,* 101 Wn.2d 226, 228, 677 P.2d 166 (1984).

Here, we find no duty on the part of the Water Follies to make the riverbank or shoreline safe for swimming by people in Columbia Park and no duty to warn of latent dangers associated with swimming or diving into the river.[1] The focus of Mr. Lancaster's complaint is upon the condition of the premises; there is no allegation that this condition was related to any operation or activity of Water Follies. Thus, the trial court correctly held Ensign had no duty to defend Benton County.

In light of our holding, we do not address the question of whether Scottish & York in its sole capacity has standing to bring an action against Ensign for its refusal to defend Benton County in the underlying action.

Affirmed.

MUNSON and THOMPSON, JJ., concur.

---

[1]On April 23, 1985, the court filed a memorandum opinion in the underlying action by Mr. Lancaster against Benton County and Tri–Cities Water Follies, granting Benton County's and the Water Follies' motion for summary judgment of dismissal on the basis they were not liable for physical harm caused to others by natural dangerous conditions. This judgment was appealed but subsequently dismissed as a result of a settlement.