**Scott E. McINTOSH and Steven R. McIntosh, Plaintiffs,**

v.

**SCOTTSDALE INSURANCE COMPANY, Defendant.**

No. 91–1344–K.

United States District Court, D. Kansas.

April 13, 1992.

---

Randall K. Rathbun and Jack Scott McInteer, of Depew, Gillen & Rathbun, Wichita, for plaintiffs.

Stephen M. Kerwick, of Foulston & Siefkin, Wichita, for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

This matter comes before the court on the motion of Scott McIntosh, a minor, and his father, Steven McIntosh, for summary judgment against the defendant, Scottsdale Insurance Company (Scottsdale), and on the cross-motion of Scottsdale for summary judgment against plaintiffs Scott and Steven McIntosh. Plaintiffs contend Scottsdale is liable under its insurance policy for a judgment in state court granted in their favor against the City of Wichita, Kansas. Scottsdale denies coverage under the terms of its policy.

A hearing on both motions was held on April 8, 1992. The court now makes the following findings of fact and conclusions of law.

Summary judgment is proper where the pleadings, depositions, answers to interrog-atories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must resolve all disputed facts in favor of the party resisting summary judgment. *White v. General Motors Corp., Inc.,* 908 F.2d 669, 670 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). Summary judgment shall be denied if the moving party fails to demonstrate its entitlement beyond a reasonable doubt. *Norton v. Liddel,* 620 F.2d 1375, 1381 (10th Cir. 1980).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). In resisting a motion for summary judgment, the nonmoving party may not rely upon mere allegations, or denials, contained in its pleadings or briefs. Rather, the party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1230 (10th Cir.1990). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53.

This case originated as a garnishment action in state court by the plaintiffs, wherein they sought to collect a judgment they obtained against the City of Wichita Kansas (City) from Scottsdale, the liability insurer of the Wichita River Festival. Plaintiffs' judgment against the City resulted from bodily injuries sustained by Scott McIntosh on the premises of the City's Century II convention facilities during the 1988 Wichita River Festival.

On the evening of May 6, 1988, Scott McIntosh attended a street dance as part of the River Festival activities sponsored by Wichita Festivals, Inc. (Festivals). At some point in the evening, Scott felt the call of nature and went in search of one of the portable toilets set up around the area. Scott approached a low retaining wall four and one-half feet tall and one and one-half feet wide, which divided the public pathway at Century II from the building's underground driveway. Scott jumped over the retaining wall and to his surprise fell approximately 20 feet, sustaining bodily injury.

In the state court action against the City, plaintiffs alleged Scott's injuries were caused by the failure to warn of a dangerous condition existing on the City's premises. The City tendered defense of the lawsuit to Scottsdale, the liability insurer for Festivals. Scottsdale, however, refused to defend the action and denied coverage under its policy. Prior to trial, a settlement agreement was reached by the plaintiffs and the City. Pursuant to this agreement, the City allowed a judgment to be taken against it based upon a specific finding of 100% fault by the City. In return, the plaintiffs agreed to release the City's insurer, Hanover Insurance Company, and agreed not to execute on any of the City's assets. In accordance with the settlement agreement, the trial court entered judgment against the City and assessed 100% fault to the City. Plaintiffs were granted judgment against the City in the amount of $74,571.15 for medical bills and pain and suffering.

In the matter currently before this court, plaintiffs seek to recover their judgment from Scottsdale. They allege that Scottsdale's liability policy was issued to Festivals in accordance with a city ordinance which required Festivals to indemnify and hold harmless the City and to purchase insurance to that effect. Further, plaintiffs allege Scottsdale's policy provides coverage to Festivals for incidental contracts, and defines incidental contracts as an undertaking to indemnify a municipality required by municipal ordinance. Finally, plaintiffs claim they are covered under

Scottsdale's policy because the City was named as an additional insured. In its cross-motion for summary judgment, Scottsdale denies coverage for plaintiff's injuries based upon an endorsement which limited additional insured coverage to "liability arising out of operations performed for such insured by or on behalf of the named insured." Scottsdale asserts that plaintiff's injuries were caused by the City's own negligence and not from an activity performed by Festivals on behalf of the City. Therefore, contends Scottsdale, such injuries are precluded from coverage under its policy.

The Scottsdale policy issued to Festivals provides coverage for all sums which Festivals becomes legally obligated to pay as damages because of bodily injury or property damage. The policy does not provide coverage for liability assumed by the insured under any contract or agreement except an incidental contract, defined as a written undertaking to indemnify a municipality required by municipal ordinance. An endorsement to the policy specifically provides:

> The "Persons Insured" provision is amended to include as an insured the person or organization named below but only with respect to liability arising out of operations performed for such insured by or on behalf of the named insured.

(Pltfs.' Memo., Ex. D at p. 12.)

The endorsement listed the City as one of the additional insureds.

Scottsdale argues the policy it issued only covered the City for liability the City incurred because of operations that the Festival performed for the City. It contends that in this instance the City's liability is based upon its own failure to warn of a dangerous condition, thus precluding liability under the policy. Plaintiffs argue that crowd management was Festivals' responsibility, and its failure to properly contain the crowd caused plaintiff's injuries.

In plaintiffs' underlying action against the City, it was determined that plaintiff Scott McIntosh's injuries were caused by the City's failure to warn of a dangerous

condition. Plaintiffs did not assert a claim of liability against Festivals in the underlying action, and therefore cannot assert a new theory of liability after that fact has been determined.

Under the terms of Scottsdale's insurance policy, the City is insured only if it becomes liable because of operations performed for the City by Festivals. The policy does not provide coverage for any and all acts of the City, whatever the connection with the River Festival. Rather, the City's liability must arise from acts performed by Festivals before it is covered by Festival's insurance policy.

In *Czajhowski v. City of Philadelphia*, 537 F.Supp. 30 (E.D.Pa.1981) *aff'd*, 688 F.2d 819 (1982), an employee of Ogden Food Service, a concessionaire, was injured when he fell on the stairwell at the Philadelphia Civic Center owned by the City of Philadelphia. In the plaintiff's action against the City, the City claimed that Ogden and its insurer, Travelers Insurance Company, were required to indemnify the City under the terms of Travelers' insurance policy. The insurance policy required Ogden to furnish liability insurance and indemnify the City from "any and all liability or loss of any nature whatsoever arising out of or relating to concessionaire's occupancy of the premises." *Id.* at 31.

The district court examined the language of Travelers' insurance policy and determined the City was not covered under the facts of the case. The court found that Ogden agreed to indemnify the City for the acts or omissions of itself and not of anyone else, including the City. *Id.* at 32.

A similar result was reached in *Scottish & York Intern. Ins. Group v. Ensign Ins. Co.*, 42 Wash.App. 158, 709 P.2d 397 (1985). Therein an individual was injured when he dived into the Columbia River during the annual Water Follies celebration. Ensign Insurance Company, the insurer for the association responsible for putting on the Water Follies, denied coverage for the County. The County was named an additional insured under Ensign's policy; however, a special endorsement limited application to "operations performed by or on behalf of the named insured for which the state or political subdivision has issued a permit." *Id.* 709 P.2d at 397.

In *Scottish & York*, the court found that Ensign had no duty to defend arising from the endorsement naming the County as an additional insured. *Id.* 709 P.2d at 399. It determined that the plaintiff's allegations based on failure to maintain the river or shore in a reasonably safe condition for swimming were unrelated to the operations, activities and programs of the Water Follies. Since Ensign's insurance policy provided coverage only for operations performed by or on behalf of the named insured, the court held that Ensign was not liable for the County's alleged negligence. *Id.*

■ The same conclusion must be reached in this case. Festivals agreed to provide liability coverage for the City for those acts performed by Festivals which caused the City to be liable. Under the policy provided by Scottsdale, the insurance applied only to liability arising out of operations performed for the City by Festivals. Because plaintiff's injuries were caused by the City's own negligence and not from operations performed by Festivals, the court finds that the City is excluded from coverage under the exclusion to the special endorsement of Scottsdale's insurance policy.

Next, plaintiffs argue that even if the additional insured endorsement of Scottsdale's policy precludes coverage, the city ordinance which required Festivals to procure liability insurance for River Festival activities provides liability protection for the City and renders the additional insured endorsement unenforceable.

The ordinance upon which plaintiffs rely provides:

Wichita Festivals, Inc., shall indemnify and hold the City of Wichita, ... free and harmless from any and all claims, demands, liabilities, costs, including attorneys' fees, that arise from damage or injury, ... to property or persons, *from any event or activity sponsored, recognized or approved* by the Wichita Festivals, Inc. Wichita Festivals, Inc. shall

obtain and continue to effect, at all times during which the Wichita River Festival is being held, insurance naming the City of Wichita and the board of park commissioners of the City of Wichita as co-insureds. Such insurance shall fully and completely cover general accident, comprehensive general liability, and property damage.

Wichita City Ordinance 3.14.050 (emphasis added).

 Plaintiffs' argument that the ordinance requires insurance for any liability of the City in connection with a Festivals event is misplaced. The language of the ordinance simply provides that Festivals shall indemnify and hold harmless the City for any claims arising from bodily injury or property damage which arise "from any event or activity sponsored, recognized or approved by the Wichita Festivals, Inc." The city ordinance at issue does not require Festivals and Scottsdale to indemnify and hold harmless the City for any and all acts creating liability which occur during the annual River Festival. Rather, Festivals and Scottsdale were required to hold harmless and indemnify the City for liability arising out of Festivals' event. It has already been determined that plaintiff's injuries were caused by the negligence of the City in failing to warn of a dangerous condition. Thus, plaintiff's injuries did not arise from an activity or event sponsored by Festivals, and the city ordinance has no relevance to policy coverage under the facts of the case.

The court concludes that the additional insured endorsement and accompanying limitation provided in Scottsdale's policy were not rendered unenforceable by the city ordinance. Upon reaching this conclusion, it is not necessary for the court to address plaintiffs' arguments concerning an incidental contract provision of the Scottsdale policy.

IT IS THEREFORE ORDERED this 13 day of April, 1992, that defendant Scottsdale Insurance Company's motion for summary judgment (Dkt. No. 18) shall be granted, and plaintiffs' motion for summary judgment (Dkt. No. 21) shall be denied.